UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ONEPACK HOSPITALITY GROUP | * | CIVIL ACTION |
| VERSUS | * | NO. 24-505 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | * | SECTION L |

### ORDER & REASONS

Before the Court is a Motion to Compel Arbitration filed by Defendant Independent Specialty Insurance Company ("ISIC"). R. Doc. 5. No opposition has been filed. Having considered the briefing and the applicable law, the Court rules as follows.

### I.    BACKGROUND

This case arises out of alleged damage to commercial properties owned by Plaintiff OnePack Hospitality Group ("OnePack") in New Orleans and Gretna, Louisiana during Hurricane Ida, which was insured at the time by Defendant ISIC. R. Doc. 1-2. OnePack initiated proceedings against ISIC in the 24th Judicial District Court. R. Doc. 1. In its complaint, OnePack alleges that it timely notified ISIC of its loss and took steps to mitigate the damage to its properties. R. Doc. 1-2 at 2. OnePack further alleges that following ISIC's inspection of the properties, it misrepresented the extent of the damage and "severely underestimated the amount needed to repair" the properties. *Id.* at 3. As a result, OnePack alleges that ISIC has underpaid its insurance claim and it has been unable to complete the necessary repairs. *Id.* at 4. Further, OnePack alleges two causes of action against ISIC: (1) breach of insurance contract and violation of La. R.S. 22:1892 and 22:1973.

On February 27, 2024, ISIC removed the action to this Court pursuant to 28 U.S.C. § 1331. R. Doc. 1. Two weeks later, ISIC filed the present motion. R. Doc. 5.

## II. PRESENT MOTIONS

In its motion, ISIC moves the Court to compel arbitration and grant a stay of the proceedings pursuant to an arbitration clause found in the insurance policy. *Id.* Relevant portions of the arbitration clause provide:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal . . . .

R. Doc. 5-3 at 27. ISIC argues that OnePack's claims fall squarely within that agreement. R. Doc. 5-1 at 2. Additionally, ISIC notes that the arbitration agreement is enforceable under both the Federal Arbitration Act and Louisiana law, and therefore this Court should compel arbitration. *Id.*

## III. APPLICABLE LAW

In Louisiana, state law provides that any insurance contract "delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state" shall not deprive "the courts of this state of the jurisdiction or venue of action against the insurer." La. R.S. § 22:868(A)(2). However, courts have upheld forum selection clauses in certain insurance contracts pursuant to Subsection D, which clarifies that the "Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." *Id.* at § 22:868(D). Surplus lines insurers are exempt from statutory approval requirements. La. R.S. § 22:446(A) ("The commissioner shall not require surplus lines insurers to file or seek approval of their forms and rates for property and casualty insurance except as provided in R.S. 22:1456(B)(2) relative to public carrier vehicles.").

Accordingly, courts have upheld forum selection clauses in surplus lines insurance contracts delivered in Louisiana that designate non-Louisiana courts. *See, e.g.*, *In re Mt. Hawley*

*Insurance Co.*, No. 22-30111, 2022 WL 5360188, at *1 (5th Cir. Apr. 28, 2022) (granting a writ of mandamus and vacating a district court's finding that a surplus lines insurance policy's forum selection clause was unenforceable because it violated public policy articulated in § 22:868(A)); *Brooks & Brooks Investments LLC v. Mt. Hawley Insurance Co.*, No. 22-CV-03854, 2022 WL 17476969, at *2 (E.D. La. Dec. 6, 2022) (finding a forum selection clause valid under § 22:868(D)).

Arbitration clauses are a type of forum or venue clause. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518-19 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."); *Donelon v. Shilling*, 340 So. 3d 786, 790 n.6 (La. 2020) ("An arbitration clause has been characterized by this court as a type of venue selection clause."). Accordingly, federal courts in the Fifth Circuit and Eastern District of Louisiana have upheld arbitration clauses in surplus lines insurance policies as valid and enforceable under § 22:868(D). *See, e.g.*, *Indian Harbor Ins. Co. v. Belmont Commons*, No. 23-30246, 2024 WL 962376 (5th Cir. 2024) (per curiam) ("Given that the Louisiana Supreme Court has characterized arbitration clauses as a type of venue selection clause, we conclude that the carve-out contained in La. R.S. § 22:868(D) unambiguously includes arbitration clauses."); *Bourgeois v. Indep. Specialty Ins. Co.*, No. 22-1256, 2023 WL 6644171, at *4 (E.D. La. Oct. 12, 2023); *Thumbs Up Race Six, LLC v. Indep. Specialty Ins. Co.*, No. 22-2671, 2023 WL 4235565, at *3 (E.D. La. June 28, 2023).

Whether an arbitration clause is enforceable requires a two-step analysis. *Kubala v. Sup. Prod. Servs., Inc.*, 830 F.3d 199, 201-02 (5th Cir. 2016). First, the court looks to contract formation – "whether the parties entered into any arbitration agreement at all." *Id.* Second, the court determines whether the claim at issue is "covered by the arbitration agreement." *Id.* However, a

delegation clause limits the court's analysis. *Id.* The court conducts the contract formation inquiry and if it finds a valid agreement, the "only question" is then "whether the purported delegation clause is in fact a delegation clause – that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id.* at 202. The Fifth Circuit instructs that in such cases, courts should grant the motion to compel in almost all cases, citing only one narrow exception – the "wholly groundless" exception – which has since been abrogated by the Supreme Court. *Id.* at 202 n.1 (citing *Douglas v. Regions Bank*, 757 F.3d 460, 464 (5th Cir. 2014), *abrogated by Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 531 (2019)).

A delegation clause contained in an arbitration provision "is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.") (internal citation omitted). For example, in *Rent-A-Center, West, Inc. v. Jackson*, the Supreme Court addressed a delegation clause that "gave the arbitrator 'exclusive authority to resolve any dispute relating to the … enforceability … of the" contract. *Id.* at 71. In *Kubala v. Supreme Production Services Inc.*, the Fifth Circuit found a delegation clause valid and therefore remanded the matter for the district court to refer it to arbitration. 830 F.3d at 204. The delegation clause at issue in *Kubala* was "strikingly similar" to the clause in *Rent-A-Center*, as it gave the arbitrator "sole authority to rule on . . . any challenges or objections with respect to the existence, applicability, scope, enforceability, construction, validity and interpretation of this Policy and any agreement to arbitrate a Covered Dispute." *Id.*

IV. ANALYSIS

The Court finds that Louisiana law governs the instant dispute and begins with the first

step in determining the enforceability of an arbitration agreement: the contract formation analysis. *See id.* at 201-02. In this case, the Court has no trouble finding that the insurance policy represents a valid contract. The parties negotiated for insurance and mutually agreed to the policy at issue. *See* R. Docs. 5-3; 5-2 at 3. OnePack does not dispute that the policy is valid.

Because the Court has found a valid agreement to arbitrate exists, the next inquiry is whether the delegation clause is in fact a valid delegation clause. If the Court so finds, the analysis ends, and the Court must refer the matter to arbitration. The purported delegation clause in the ISIC policy reads:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this Insurance, including the policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

The Court is satisfied that this is a valid delegation clause. The parties agreed to refer "[a]ll matters in dispute" to arbitration if they relate to the insurance policy. This "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated" and accordingly the Court refers this matter to arbitration. *See Kubala*, 830 F.3d at 202; *Indian Harbor Ins. Co.*, 2024 WL 962376.

For the foregoing reasons, ISIC's Motion to Compel Arbitration, R. Doc. 5, is **GRANTED**. This matter is hereby **REFERRED** to arbitration and thus **STAYED AND ADMINISTRATIVELY CLOSED** pending the outcome of arbitration.

New Orleans, Louisiana, this 20th day of March, 2024.

_____
United States District Judge